OPINION
Plaintiff-appellants Linda and Dennis Purvis appeal from a summary judgment rendered in favor of defendant-appellant The Cincinnati Insurance Company ("CIC") in their declaratory judgment action. The Purvises argue that the trial court erroneously denied them underinsured motorist ("UIM") coverage under the automobile liability and umbrella insurance policies issued to Dennis' employer, Reddy Electric Company, by CIC. The Purvises contend that the trial court misappliedScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. Additionally, the Purvises challenge the validity of certain reductions and rejections of UIM coverage by Reddy Electric under both Linko v.Indemnity Ins. Co. (2000), 90 Ohio St.3d 445 and Gyori v. JohnstonCoca-Cola Bott. Group, Inc. (1996), 76 Ohio St.3d 565.
We conclude that the Purvises are entitled to UIM benefits equivalent to the coverage provided under the automobile liability policy because: (1) they are insureds; (2) no exclusion precludes coverage; and (3) Reddy Electric's reduction of UIM benefits is invalid under R.C. 3937.18(C), as that provision existed at the time of the rejection. They are not, however, entitled to benefits under the umbrella policy because they are not insureds under the terms of the policy. Accordingly, the judgment of the trial court is Reversed with respect to the determination of coverage under Reddy Electric's automobile liability policy, Affirmed in all other respects, and this cause is Remanded for proceedings consistent with this opinion.
 I
Dennis Purvis was an employee of Reddy Electric. On August 22, 1998, he and his wife, Linda, were seriously injured when his motorcycle collided with Shawn Miller's automobile. Although the Purvises and Miller were insured at the time of the accident, the damages they sustained exceed the amount of coverage available. For this reason, they sought a declaratory judgment that they also were entitled to UIM benefits of $5,500,000 under an automobile and umbrella insurance policy that Reddy Electric purchased from CIC.
Each side filed motions for summary judgment. The Purvises argued that they were entitled to recover benefits under both policies pursuant toScott-Pontzer. CIC replied that the Purvises were precluded from obtaining UIM benefits under the automobile policy because they were excluded by an "other owned auto" exclusion. Furthermore, even if they were not precluded by this exclusion, their recovery was limited to $100,000, because Reddy Electric selected lower UIM coverage in 1995. Additionally, CIC claimed that the Purvises were not insureds under the terms of the umbrella policy, but even if they were, a valid rejection of UIM coverage prevented any recovery.
The trial court granted CIC's motion and denied the Purvises' motion. The court concluded that the Purvises were insureds under the policies but that they were not entitled to coverage. On one hand, the court found that an "other owned vehicle" exclusion precluded coverage under the automobile policy. On the other hand, the Purvises were not entitled to umbrella coverage because Reddy Electric expressly and knowingly rejected such coverage. From that decision, the Purvises appeal.
 II
The Purvises raise thirteen assignments of error. They are as follows:
 THE TRIAL COURT ERRED IN GRANTING THE MOTION OF CINCINNATI INSURANCE COMPANY FOR SUMMARY JUDGMENT AND DENYING THE MOTION OF LISA AND DENNIS PURVIS FOR SUMMARY JUDGMENT, DENYING UNDERINSURED MOTORIST BENEFITS TO LISA AND DENNIS PURVIS, UNDER ITS AUTOMOBILE AND UMBRELLA LIABILITY POLICIES WITH MR. PURVIS' EMPLOYER, REDDY ELECTRIC CORP., EFFECTIVE AUGUST 1, 1998
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING THE "OTHER OWNED VEHICLE" EXCLUSION TO LISA AND DENNIS PURVIS AND MR. PURVIS' PERSONAL MOTORCYCLE, BECAUSE MR. PURVIS WAS "A NAMED INSURED", OR ANY OTHER REASON, DENYING THEM UNINSURED MOTORIST BENEFITS UNDER THE AUTOMOBILE INSURANCE POLICY WITH REDDY ELECTRIC CORP.
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING THE "OTHER OWNED VEHICLE" EXCLUSION IN THIS CASE, SINCE IT HAD NOT BEEN PLED AS AN AFFIRMATIVE DEFENSE IN THE ANSWER FILED HEREIN AND WAS WAIVED
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN APPLYING THE "OTHER OWNED VEHICLE" EXCLUSION IN THIS CASE, SINCE THE INSURER HAD NOT SPECIFIED THE APPLICABILITY OF THAT EXCLUSION IN ITS HANDLING OF THE CLAIM AND DEALING WITH LISA AND DENNIS PURVIS, AND IS THEREFORE ESTOPPED FROM RAISING OR HAS WAIVED, THE APPLICATION OF THE EXCLUSION
 THE TRIAL COURT ERRED IN NOT HOLDING THAT LISA AND DENNIS PURVIS ARE ENTITLED TO UIM BENEFITS UNDER THE AUTOMOBILE POLICY UP TO THE LIMITS OF $500,000 FOR LIABILITY COVERAGE UNDER R.C. 3937.18(A), BECAUSE THE SEPTEMBER 3, 1997 AMENDMENTS ADDED BY H.B. 261 TO R.C. 3937.18(C) COULD NOT BE APPLIED RETROACTIVELY TO VALIDATE THE INVALID FORM DATED DECEMBER 7, 1995 PURPORTING TO SELECT A LOWER LIMIT, AND/OR BECAUSE THE FORM DATED DECEMBER 7, 1995, FAILED TO COMPLY WITH THE REQUIREMENTS FOR A LEGAL OFFER AND LOWER SELECTION OF UIM BENEFITS AS A MATTER OF LAW, AND/OR BECAUSE ANY PRESUMPTION OF A VALID OFFER OF BENEFITS UNDER R.C. 3937.18(A) WAS REBUTTED AND/OR BECAUSE CIC FAILED TO PLEAD SUCH A LOWER SELECTION AS AN AFFIRMATIVE DEFENSE OR IS SUBJECT TO ESTOPPEL/WAIVER
 THE TRIAL COURT ERRED IN NOT HOLDING THAT LISA AND DENNIS PURVIS ARE ENTITLED TO UIM BENEFITS UNDER THE AUTOMOBILE POLICY UP TO THE LIMITS OF $500,000 FOR LIABILITY COVERAGE UNDER R.C. 3937.18(A) BECAUSE THE INSURER DID NOT MEET ITS BURDEN OF PROOF THAT ITS FORM WITH A DATE OF DECEMBER 7, 1995 DEMONSTRATED A VALID OFFER AND SELECTION OF THE LOWER LIMIT OF $100,000 THAT WAS TIMELY MADE IN ACCORDANCE WITH GOVERNING COMMON LAW
 THE TRIAL COURT ERRED IN HOLDING THAT THE INSURER MET ITS BURDEN TO PROVE A VALID OFFER AND REJECTION OF UIM BENEFITS UNDER THE UMBRELLA POLICY UP TO THE LIMITS OF ITS LIABILITY COVERAGE OF $5,000,000, BECAUSE THE FORM WITH THE TYPED DATE OF AUGUST 1, 1998, FAILS AS A MATTER OF LAW TO DEMONSTRATE A VALID OFFER AND REJECTION AND FAILS AS A MATTER OF LAW AS UNTIMELY MADE BECAUSE IT WAS NOT PRIOR TO THE COMMENCEMENT OF THE GUARANTEED TERM OF POLICY UNDER WOLFE v. WOLFE (2000), 88 OHIO ST.3d 246 AND SCHUMACHER V. KREINER (2000), 88 OHIO ST.3d 358
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN SIMPLY ACCEPTING THE INSURER'S FORM WITH THE TYPED DATE OF AUGUST 1, 1998, AS A VALID OFFER AND REJECTION, APPLYING THE LITERAL WORDS OF THE AMENDMENTS TO R.C. 3937.18 IN H.B. 261, AND REJECTING, WITHOUT DISCUSSION, THE ESTABLISHED COMMON LAW OF THE OHIO SUPREME COURT AS TO A VALID OFFER AND REJECTION OF UIM BENEFITS AND THE TIMELINESS OF THE SAME, WITH RESPECT TO THE UMBRELLA POLICY AND/OR BECAUSE ANY PRESUMPTION OF A VALID OFFER OF BENEFITS UNDER R.C. 3937.18(A) WAS REBUTTED
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THE INSURER'S FORM WITH THE TYPED DATE OF AUGUST 1, 1998 SATISFIED ITS BURDEN TO SHOW A VALID OFFER AND REJECTION WHERE THE RECORD DEMONSTRATES THAT THE FORM WAS NOT USED FOR ALL INSUREDS UNDER THE UMBRELLA POLICY AS REQUIRED BY R.C. 3937.18(C), BUT SELECTIVE BENEFITS WERE PROVIDED TO SOME INSUREDS AND NOT OTHERS, INVALIDATING THE FORM AS A PROPER REJECTION OF UIM BENEFITS
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT FOLLOWING THE MAXIM OF CONSTRUCTION FOR AN INSURANCE POLICY THAT AN AMBIGUITY IN LANGUAGE MUST BE RESOLVED IN FAVOR OF COVERAGE FOR INSUREDS
 ALTERNATIVELY, THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT FINDING THAT, AT A MINIMUM, UIM BENEFITS OF $100,000 EACH FOR LISA AND DENNIS PURVIS, LESS THE SET OFF OF $25,000, BECAUSE THE COVERAGE OF $100,000 IN THE AUTOMOBILE POLICY WAS UNAMBIGUOUS AS TO WHETHER IT APPLIED PER ACCIDENT OR PER PERSON
 ALTERNATIVELY, THE TRIAL COURT ERRED AS A MATTER OF LAW, IN NOT FINDING THAT AT A MINIMUM, LISA AND DENNIS PURVIS WERE ENTITLED TO UIM BENEFITS OF $50,000, NAMELY, $100,000 LESS THE $50,000 SET OFF FOR THE SETTLEMENT WITH THE TORTFEASOR'S INSURER
 ALTERNATIVELY, THE TRIAL COURT ERRED IN UPHOLDING THE INSURER'S CLAIM THAT UIM BENEFITS COULD BE DENIED UNDER R.C. 3937.18(C) WITHOUT RULING THAT THE STATUTE IS UNCONSTITUTIONAL AS VIOLATIVE OF THE OHIO AND UNITED STATES CONSTITUTION, DUE PROCESS, RIGHT TO A REMEDY, AND EQUAL PROTECTION OF THE LAWS
 Essentially, the Purvises challenge the trial court's awarding summary judgment in favor of CIC and against them. Accordingly, we address their assignments of error together.
We review the appropriateness of summary judgment de novo. Koos v.Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588."Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor."Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-70
(internal citations omitted). Under Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record demonstrating that no genuine issue of material fact exists on the essential elements of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once the moving party meets that burden, the non-moving party has a reciprocal burden of showing that a genuine issue of material fact exists to prevent summary judgment. Id. at 294. If the non-moving party fails to meet this burden, then summary judgment is appropriate.
With this standard in mind, we review the Purvises' assignments of error. For purposes of clarity and judicial economy, we first address issues relating to the Purvises' entitlement to coverage under Reddy Electric's automobile policy and then analyze their coverage under the umbrella policy. In each instance, we begin our analysis by determining if the Purvises were insureds under the policy; if we answer that question in the affirmative, then we will proceed to examine whether any exclusions apply to preclude benefits; and finally, if no exclusions prevent coverage, then we will determine the amount of benefits available under the policy.
Both parties moved for summary judgment. Each claim this resolution focuses solely on matters of law and is governed by the insurance contracts coupled with selection/rejection UIM coverage forms. Both contend that they are entitled to summary judgment. We now review the court's judgment.
 A. Automobile Policy
CIC issued an automobile policy to Reddy Electric on August 1, 1998. This policy was a renewal of a policy that was issued on August 1, 1995. The policy defines "insureds" for UIM purposes as:
You.
If you are an individual, any "family member".
 Anyone else "occupying" a "covered auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
 Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
 The policy also states that "the words `you' and `your' refer to the named insured shown in the declarations." The named insured is Reddy Electric.
Both parties agree that the Purvises are insureds under the automobile policy, but they do so based on differing interpretations ofScott-Pontzer. The parties' interpretations are relevant to the second prong of our analysis regarding whether any exclusion applies to preclude coverage. We agree that the Purvises are insureds.
The automobile policy contains an "other owned vehicle" exclusion (the "C5 exclusion"), which excludes coverage in the following situation:
 5. "Bodily injury" sustained by an "insured" while the "insured" is operating or occupying a motor vehicle owned by, furnished to, or available for the regular use of a named insured, a spouse or a resident relative of a named insured, if the motor vehicle is not specifically identified in the policy under which a claim is made, or is not a newly acquired or replacement motor vehicle covered under the terms of the policy under which the uninsured and underinsured motorist coverages are provided.
 (Emphasis added.) CIC argues that consistent with Scott-Pontzer the "named insured" provision includes the Purvises. Thus, even though the Purvises are insureds, coverage is excluded because Dennis' motorcycle was not specifically identified under the terms of the policy. In reply, the Purvises first argue that CIC is estopped from raising the C5 exclusion, because it did not expressly raise this provision as an affirmative defense in its Answer. They also contend that CIC waived these arguments.
We reject these contentions. Policy provision exclusions are not affirmative defenses under Civ.R.12. Moreover, we conclude that CIC adequately raised these issues in its Answer. Paragraph 18 of the Answer states: "plaintiffs are not and were not intended to be insured under the insuring agreements of Cincinnati Insurance Company for injuries and damages arising from the accident alleged in Plaintiffs' Complaint." While CIC did not point to specific contract language, we conclude that this paragraph placed the Purvises on sufficient notice of CIC's position. Accordingly, the Purvises' third and fourth assignments of error are overruled. Their fifth assignment of error is also overruled in part regarding their allegation that CIC failed to plead a lower selection of UIM coverage as an affirmative defense or is subject to estoppel or waiver.
Alternatively, the Purvises allege that they are insured, but not a named insured, under Scott-Pontzer's requirement that ambiguities be construed against the drafter and the Supreme Court's inclination to find insurance where none otherwise exists. In Scott-Pontzer, the Ohio Supreme Court extended UIM coverage to an employee because a contract of insurance was ambiguous. The court found that the term "you" in the insurance contract referred not only to the named insured, but also to the named insured's employees. The court reached this conclusion by adhering to the principle that "[w]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured."
Here, the policy defines "you" as the "named insured" — that is, Reddy Electric. Although CIC would like us to broaden Scott-Pontzer's
holding to correct its policy deficiency by concluding that the term "named insured" must include employees, we cannot. If there is an ambiguity in the policy, Scott-Pontzer requires us to construe the policy more strictly, not more broadly, in determining who is a named insured for purposes of the C5 exclusion. The Purvises are insureds, but they are not "named insureds." Because they were not riding a motor vehicle available for the regular use of a named insured, the C5 exclusion does not apply. Accordingly, the second assignment of error is sustained.
CIC next argues that the Purvises' recovery is limited to $50,000 because Reddy Electric selected $100,000 of UIM coverage in 1995, and this selection was incorporated into the company's renewal policy in 1998.[1] In reply, the Purvises claim that this attempted limitation of UIM coverage was ineffective in 1995 under Gyori, and Linko, and, therefore, is not a part of the renewal policy. Thus, Reddy Electric acquired UIM coverage equivalent to its liability coverage by operation of law, because CIC failed to offer it in 1998.
Insurance companies are required to offer UIM coverage with every automobile insurance policy issued in Ohio. R.C. 3937.18. If an insurer fails to do so, that results in the insured acquiring equivalent amounts of liability and UIM coverage by operation of law. Gyori, supra. Insureds may eliminate or reduce UIM coverage, but only by expressly and knowingly doing so. R.C. 3937.18(C). The insurer bears the burden of establishing a written offer and rejection or reduction of UIM coverage.Gyori, supra. At the time of the purported reduction in this case, an insurer was required to make a written offer before the insured could reject or reduce UIM coverage. Id. at paragraph one of the syllabus. This offer must contain: (1) a brief description of the coverage, (2) the premium for that coverage, and (3) an express statement of the UIM coverage limits. Linko, supra.
The form at issue here states as follows:
 UNINSURED AND UNDERINSURED MOTORISTS PROTECTION OPTION SELECTION FORM — OHIO
 Revised Code 3937.18 of the laws of Ohio requires that automobile liability insurance policies effective October 1, 1982 or thereafter afford Uninsured Motorists and Underinsured Motorists Coverage limits equal to the Bodily Injury liability limits of the policy to which the coverages attach. You may, however, select both coverages at lower limits or reject entirely
PLEASE SELECT ONE OF THE FOLLOWING:
 I select Uninsured Motorists and Underinsured Coverages at the following limits which are lower than the Bodily injury Liability Limits of my policy
LIMITS OF LIABILITY
(Thousand Dollars)
12.5/25
15/30
25/50
50/100
100/300
35
50
X 100
Other
 I hereby reject Uninsured Motorists and Underinsured Motorists Protection. Attached to and forming a part of Policy Number CPP 066 34 40 and any Renewal or Replacement thereof.
 This document was signed by Reddy Electric's President on December 7, 1995.
This form fails to satisfy the requirements for an offer contained in R.C.3937.18, as that statute existed in 1995.[2] CIC did not provide Reddy Electric with a quotation for the premium associated with UIM coverage. Thus, the form lacks an essential element of a valid offer of coverage, and cannot be termed a "written offer" that would allow Reddy Electric "to make an express, knowing rejection of the coverage" at any time during the policy periods at issue under Linko. Accordingly, even if the 1998 automobile policy was simply a renewal, the 1995 signed reduction was invalid and did not obviate the need for CIC either: (1) to offer UIM coverage, or (2) to obtain a rejection of UIM coverage by Reddy Electric in 1998. Because it failed to do either, Reddy Electric, and by association the Purvises, acquired UIM coverage equaling the amount of automobile liability coverage provided under the policy by operation of law. Scott-Pontzer, supra.
Accordingly, the trial court erred by granting judgment as a matter of law to CIC instead of the Purvises. Thus, the Purvises' first and fifth assignments of error are sustained in part; their sixth and tenth assignments of error are sustained; and our resolution of these assignments of error render their eleventh and twelfth assignments of error moot.
 B. Umbrella Policy
CIC issued an umbrella insurance policy to Reddy Electric on August 1, 1998. Section II of the policy defines an insured as follows:
 Any "executive officer", director, "employee" or stockholder of yours while acting within the scope of their duties as such.
 On the same day the policy was signed, Reddy Electric's President, in writing, rejected UIM coverage.
CIC argues that the Purvises are not insureds under the contract because neither was acting within the scope of employment. Alternatively, CIC claims that if they are insured, then they still are not entitled to UIM coverage, based on Reddy Electric's rejection. In reply, the Purvises argue that they are insureds under Scott-Pontzer and that Reddy Electric's rejection is invalid.
The Purvises specifically contend that, like the insured inScott-Pontzer, they should be allowed to recover UIM benefits under an the umbrella policy even though the policy contains language restricting coverage to employees acting within the scope of their employment. We disagree. In Scott-Pontzer, the court reasoned that the "scope of employment" language applied solely to excess liability coverage because the insurer failed to offer UIM coverage in the umbrella/excess insurance policy. Since there was no offer of UIM coverage, the insurer could only have meant to exclude excess coverage to those who were not acting within the scope of employment. Here, however, CIC offered UIM coverage to Reddy Electric, which the company rejected on August 1, 1998.
While the Purvises make several arguments regarding the validity of the offer and rejection, we disagree with each contention. They claim that Reddy Electric's rejection was ineffective under Linko and that the rejection was not timely pursuant to Wolfe v. Wolfe (2000),88 Ohio St.3d 246, and Schumaker v. Kreiner (2000), 88 Ohio St.3d 358. These arguments lack merit.
On August 1, 1998, when Reddy Electric entered into the umbrella policy, the applicable version of R.C. 3937.18 was the September 3, 1997 enactment. Ross, supra. Section C provided as follows:
 A named insured or applicant may reject or accept both coverages as offered under division (A) of this section, or may alternatively select both coverages in accordance with a schedule of limits approved by the superintendent. . . . A named insured's rejection of both coverages as offered under division (A) of this section, or a named insured's or applicant's selection of such coverages in accordance with the schedule of limits approved by the superintendent, shall be in writing and shall be signed by the named insured or applicant. A named insured's or applicant's written, signed rejection of both coverages as offered under division (A) of this section, or a named insured's or applicant's written, signed selection of such coverages in accordance with the schedule of limits approved by the superintendent, shall be effective on the day signed, shall create a presumption of an offer of coverages consistent with division (A) of this section, and shall be binding on all other named insureds, insureds, or applicants.
(Emphasis added.)
This amendment "(1) codified Gyori's requirement that the insured's rejection of coverage must be in writing; (2) invalidated Gyori's requirement that the rejection must be received prior to commencement of the policy year, instead allowing an insured to reject the coverage going forward, after the policy had incepted; and (3) changed the burden an insurance company bore to prove the insured had rejected UM/UIM coverage." Comella v. St. Paul Mercury Ins. Co. (N.D.Ohio. 2001), 177 F. Supp. d 690, 700; thereby, superseding Linko's requirements regarding a valid offer of UIM coverage. Hindall v. Winterthur Int'l (Mar. 20, 2001), N.D. Ohio No. 3:00CV7429, unreported.[3]
Reddy Electric rejected UIM coverage in writing on August 1, 1998. This rejection creates a rebuttable presumption of an offer of coverage effective on the day it was received — August 1, 1998. The Purvises failed to offer any evidence, as required by Civ.R.56(C), to rebut this presumption. Thus, the Purvises were not insureds under the umbrella policy. Accordingly, no genuine issue of material fact exists as to their entitlement to coverage under the umbrella policy, and their seventh, eighth, and ninth assignments of error are overruled.
Lastly, the Purvises argue that R.C. 3937.18(C) is unconstitutional because it violates the due process and equal protection clauses of the Ohio and United States Constitutions. The Purvises concede that they failed to make this argument at the trial court level, but argue, nonetheless, that we may consider the issue pursuant to Hill v. Urbana
(1997), 79 Ohio St.3d 130, 134. We decline to do so. The Purvises' thirteenth assignment of error is overruled.
 III
The Purvises' first and fifth assignments of error having been sustained in part; their second, sixth and tenth assignments of error having been sustained; their third, fourth, seventh, eighth, ninth, and thirteenth assignments of error having been overruled; and their eleventh and twelfth assignments of error having been rendered moot, the judgment of the trial court in favor of CIC with respect to UIM coverage under the automobile liability policy is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for further proceedings consistent with this opinion.
BROGAN and YOUNG, JJ., concur.
[1] CIC arrives at this amount by subtracting from the $100,000 UIM coverage the $50,000 that the Purvises received from the tortfeasor.
[2] R.C. 3937.18 has been amended several times over the last few years. We are required to apply the statutory version of R.C. 3937.18 in effect at the time of the parties' contract to determine the scope of coverage because subsequent amendments have not expressly been made retroactive. Ross v. Farmers Ins. Group (1998), 82 Ohio St.3d 281, syllabus. Although the Purvises are suing under an automobile insurance policy that was issued in 1998, CIC relies upon a reduction of UIM coverage executed in 1995. Accordingly, the October 20, 1994 version of R.C. 3937.18 applies to determine the efficacy of the alleged reduction of UIM coverage.
[3] But see Raymond v. Sentry Ins. (Mar. 8, 2002), Lucas App. No. L-01-1357, unreported (Linko's requirements apply to September 3, 1997 amendment of R.C. 3937.18); Still v. Indiana Ins. Co. (Feb.25, 2002), Stark App. No. 2001CA00300, unreported (same); Pillo v. Stricklen (Dec. 31, 2001), Stark App. No. 2001 CA00204, unreported (same). Also note, the Supreme Court recently certified a case regarding the applicability of Linko's requirements to the 1997 version of R.C. 3937.18. Kemper v.Michigan Millers Mut. Ins. Co., (2002) 94 Ohio St.3d 1435.